UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STAVROULAS PISTIOLAS,

        Plaintiff,        CIV S-03-1755 MCE PAN

    v.

JO ANNE B. BARNHART,        Findings and Recommendation
Commissioner of Social
Security,

        Defendants.

—oOo—

    Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

    If the claimant meets eligibility requirements, the Commissioner must decide if plaintiff was unable to engage in "substantial gainful activity" because of a "medically determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less than

12 months." 42 U.S.C. § 423(d)(1)(A).  The commissioner makes this determination by following a five-step analysis.  First, the claimant must not currently be working.  20 C.F.R. § 404.1520(b). Second, the claimant must have a "severe" impairment.  20 C.F.R. § 404.1520(c).  Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 404.1520(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. § 404.1520(e). Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. § 404.1520(f).

Defendant found plaintiff had no severe impairment before December 31, 1993, when she was last eligible, and denied the application on that ground.  Tr. 49.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence.  Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance.  Bates v. Sullivan, 894 F.2d 1059,

2

1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. Gonzalez v. Sullivan, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

   Plaintiff claims she was assaulted at work in August 1985 and thereafter suffered chronic dizziness diagnosed as postural hypotension in January 1991, that beginning in February 1990 she suffered disabling pain from degenerative changes in her lumbar spine and that she was disabled before her insured status expired in December 1993.  She also claims defendant erroneously found her subjective complaints were not credible because defendant misunderstood her to say she quit work in 1985 (whereas in fact she said she experienced dizziness since 1985 and quit work in 1988 when she sold the family business) which was inconsistent with her earnings records.

   Defendant carefully reviewed the medical records and

3

found no evidence that degenerative changes and a herniated disc addressed by surgery in March 1990 were sufficiently severe to preclude work for any 12-month period before expiration of her insured status. Plaintiff points to no contradictory medical evidence.

Defendant acknowledged that at the hearing plaintiff testified she was unable to work because of dizziness. Defendant did not credit the testimony, however, because "[s]he said that she had been unable to work since 1985 but admitted that she quit work in 1988" and because there were no records of treatment for the injury received in 1985. Tr. 47.

It is not disputed that in 1985 plaintiff suffered injury when she was assaulted by an unhappy job applicant. Assuming the injury resulted in a medically determinable impairment that might explain disabling dizziness, defendant could not reject plaintiff's subjective complaints solely on the ground they are unsupported by objective medical evidence but could find plaintiff was not credible only for reasons, supported by the record, that assure a reviewing court that a claimant's testimony about the limitations imposed by pain is not arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). Without affirmative evidence of malingering, lacking here, there must be specific, cogent reasons for disbelief and the reasons must be clear and convincing. Morgan v. Apfel, 169 F.3d 595, 599 (9th Cir. 1995).

Plaintiff testified that she and her husband owned a

4

bindery business that once employed 160 workers.  Tr. 56-62.  In 1985 an unhappy job applicant assaulted her.  The assault left her chronically dizzy.  She was treated by Dr. Constantine Glafkides who prescribed many medicines that provided no help.  Her husband continued to drive her to the bindery until 1988 when they sold the business but the dizziness precluded her from performing her past work.

There is nothing in plaintiff's account that impeaches her credibility and the lack of medical records is the fault of defendant for not developing the record by obtaining Dr. Glafkides' records.

The decision should be reversed and remanded for further proceedings consistent herewith.

These findings and recommendations are submitted to the Honorable Morrison C. England, Jr., United States District Judge.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 11, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge